Harry POZARNISKY and Anna Pozarnisky,
Plaintiffs and Respondents,

v.

M. B. RUDMAN, Defendant and Appellant.

No. 7496.

Supreme Court of North Dakota.

Aug. 25, 1955.

Harold A. Pollman, Williston, for defendant and appellant.

Williams & Buehler, Garrison, for plaintiffs and respondents.

JOHNSON, Judge.

On October 30, 1952, the plaintiffs commenced an action against the defendant, praying for reconveyance of 7/16 of the minerals granted by them and a son by the name of Ben Pozarnisky to the defendant by mineral deeds dated July 22, 1949. On said date the plaintiff, Harry Pozarnisky, was the record title owner of the following described real property, to wit:

The Southwest Quarter of the Northwest Quarter (SW¼NW¼) and Lot 4 of Section 3, and the South Half of the Northeast Quarter (S½NE¼) of Section 4, the South Half of the Northwest Quarter (S½NW¼) and the South Half of the Northeast Quarter (S½NE¼) of Section 10, and the Southwest Quarter of the Southeast Quarter (SW¼SE¼) and the South Half of the Southwest Quarter (S½SW¼) of Section 10, and the Northeast Quarter of the Northwest Quarter (NE¼NW¼) of Section 14, all in Township 149 North of Range 81 West of the 5th P.M., McLean County, North Dakota.

The plaintiff, Anna Pozarnisky, was the record title owner of the following described real property, to wit:

The Northeast Quarter of the Southwest Quarter (NE¼SW¼) and the North Half of the Southeast Quarter (N½SE¼) of Section 10, the East Half of the Southwest Quarter (E½SW¼) and the East Half of the Northwest Quarter (E½NW¼) of Section 15 in Township 149, Range 81 West of the 5th P.M., McLean County, North Dakota.

On said date, Ben Pozarnisky, a son of the plaintiffs, was the record title owner of the following described real property, to wit:

The South Half of the Southwest Quarter (S½SW¼) of Section 4 and the East Half of the Northwest Quarter (E½NW¼) of Section 9, Township 149, North of Range 81, West of the 5th P.M., McLean County, North Dakota.

The plaintiff, Harry Pozarnisky, acquired this property by purchase from Ben Pozarnisky, and by reason thereof acquired the right of action of Ben Pozarnisky against the defendant.

The mineral deeds executed by the plaintiffs and their son, Ben Pozarnisky, purported to convey to the defendant an undivided one-half interest in and to all of the oil, gas, and minerals in and under, and that may be produced from the land above described.

The complaint alleges that the mineral deeds were obtained by one W. L. Braun, an agent of the defendant, by fraud. The plaintiffs, in that connection, allege that they are somewhat unfamiliar with the English language; that it is not their native tongue, and that they relied upon certain false and fraudulent representations made by the agent as to the purpose and effect of said mineral deeds. They set forth representations that the mineral deeds meant nothing; that they merely went with the oil and gas lease; that the deeds would terminate at the end of the period of not more than ten years; that if the lease was canceled for nonpayment of rentals, the deeds would be canceled also; that additional consideration for the deeds would be paid annually for the period they remained in effect; that the deeds did not affect the plaintiff's right to the oil in or under the land, it only affecting solid minerals as distinguished from oil and gas; that "the legal effect of the lease and deed would be to give the defendant one-half of all minerals and one-sixteenth of all oil and gas produced, thereby implying that the ownership of the same remained in the plaintiff." It is alleged that these representations were false and fraudulent as the agent of the defendant well knew and that they were made for the purpose of defrauding the plaintiffs; and that the plaintiffs relied on the representations made and signed the mineral deeds without reading them; that they had only recently discovered that such representations were false and fraudulent.

The complaint sets out also that prior to the commencement of this action, the defendant conveyed to a third party a one-sixteenth interest in the minerals purportedly conveyed by the mineral deeds and that the defendant claims to retain a seven-sixteenths interest. The plaintiffs pray that the defendant be ordered to reconvey a seven-sixteenths interest in the oil and gas and minerals to the plaintiffs and that they have such other relief as may be just and equitable together with costs.

The defendant answers specifically denying that any portion of the transaction set forth in the plaintiffs' complaint was procured by fraud, and further specifically denying the specific allegations of false and fraudulent representations made to the plaintiffs and asks for a dismissal of the action. This action was tried to the court without a jury on the 6th day of April 1954. The trial court found for the plaintiffs and the defendant appeals and asks for a trial de novo.

This case and the case of Phillip and Elizabeth Fedorenko against the same defendant were consolidated for the purpose of trial. They, however, were briefed and presented separately in this court.

The facts in this case are substantially the same as in the case of Phillip and Elizabeth Fedorenko versus M. B. Rudman. Insofar as they differ they will be discussed herein. Insofar as they are the same, the facts will not be repeated.

Shortly after the plaintiffs in this action had signed the mineral leases and the mineral deeds, the plaintiff, Harry Pozarnisky, and a daughter staying at home, or both, discovered mistakes in the description of

the land in both instruments. Mr. Braun was called concerning the mistakes and they were corrected in the original documents. It is, therefore, apparent that the plaintiff, Harry Pozarnisky, did make an examination of the instruments. He persists in asserting that he merely examined the description and did not examine the instruments otherwise. However, he knew that there was an error in the description in both documents. The testimony shows that thereafter Harry Pozarnisky did not look at the instruments until after the payments under the oil and gas lease came due, July 22, 1950. Then he received a notice from the bank. At that time, if not on the first examination of the documents, he discovered that, not only had he and his wife and Ben Pozarnisky, his son, signed oil and gas leases, but mineral deeds as well. He talked to Phillip Fedorenko about this. Phillip Fedorenko consulted with his banker, Pozarnisky did not do that. Neither did Mr. Pozarnisky attempt to contact Mr. Braun. He merely contacted Fedorenko.

Harry Pozarnisky and Phillip Fedorenko were both working as carpenters on a job in Minot, North Dakota, when contacted by the defendant's agent, W. L. Braun. They talked over the matter of signing oil and gas leases with Mr. Braun.

The facts insofar as they differ in this case from that of the Fedorenko case, do not change the applicable law. It is apparent that Phillip Fedorenko and Harry Pozarnisky were in close contact involving their transactions with Mr. Braun. They both engaged Mr. Robert Vogel as their attorney and consulted him at the same time either the latter part of May or the first part of June 1951.

The letter written by Mr. Vogel, dated June 30, 1951, relates that he was consulted by Phillip Fedorenko, Harry Pozarnisky and Ben Pozarnisky in regard to certain oil and gas leases and mineral deeds obtained from them by Mr. W. L. Braun on July 22, 1949.

If the plaintiffs did not discover that they had signed mineral deeds at the time that Harry Pozarnisky discovered that there was an error in the description in the oil and gas leases and the mineral deeds of the property involved, presumably they discovered the mistake definitely when they examined and looked at the copies of the instruments that had been left with them by the agent of the defendant about a year after they were dated and found that they had signed mineral deeds. If the plaintiffs did not have complete knowledge of their rights up to the time that they consulted with Mr. Vogel, they did have complete knowledge thereof when they consulted with him in the latter part of May or the early part of June, 1951. They made no attempt, after consulting him, to rescind the contract by any formal action until one year and four months thereafter.

Under the facts and circumstances, we think that the plaintiffs did not act promptly upon discovering the facts which entitled them to rescind and that they waived their right of rescission.

Since the facts of this case are substantially the same as in the Fedorenko case, except as herein noted, it is unnecessary to discuss them further. The legal principles set forth in the case of Phillip and Elizabeth Fedorenko versus M. B. Rudman are applicable and apply with equal force to the facts of this case. Reference to them is hereby made and the opinion in that case applies here. Fedorenko v. Rudman, N.D., 71 N.W.2d 332, recently decided.

The judgment of the trial court is reversed and the plaintiffs' action dismissed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.